# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

FILED

2004 MAR 23 P 3: 40

| | |
|---|---|
| CKW, INC. D/B/A COLBORN MARINE; JAMES COLBORN ET us THERESA COLBORN; PEDRO GONZALEZ PEREZ ET UX AMELIA GOMEZ PEREZ; SERGIO ALVIDREZ PAEZ; UNIQUE CREATIVE STUCCO DESIGNS, INC.; JOSEFINA E. TREJO AND GLORIA V. PANIAGUA D/B/A CRACKER BOX PALACE; JOE J. PONCE AND ALICE L. PONCE D/B/A ALICE'S ANTIQUES; AND GEORGE F. SAN MIGUEL **PLAINTIFF(S),** | § § § § § § § § § § |

SA04CA0245XR

| | |
|---|---|
| V. | § § CIVIL ACTION NO. ___ |
| THE CITY OF SAN ANTONIO, TEXAS; TEXAS DEPARTMENT OF TRANSPORTATION; DUGGER, CANADAY & GRAFE, INC. F/K/A DUGGER, CANADAY, GRAFE & WOELFEL, INC **DEFENDANTS.** | § § § § § |

## DEFENDANT CITY OF SAN ANTONIO'S
## NOTICE OF REMOVAL

Defendant **CITY OF SAN ANTONIO** hereby files this "Notice of Removal" under the authority of 28 U.S.C. § 1441(b).

1.  This case was commenced in the 166th Judicial District Court, Bexar County, Texas, Cause No. 2004-CI-02991 by filing *Plaintiff's Original Petition* on February 26th 2004. Plaintiff filed its *Plaintiffs' Original Petition* on February 26th 2004, raising, for the first time, a cause of action for which removal was appropriate. Defendant, the CITY OF SAN ANTONIO, TEXAS (hereinafter the CoSA) was given notice of the *Plaintiffs' Original Petition* by service on February 27th 2004. All state pleadings and motions are attached as Exhibit "A".

2.  This suit relates to complaints by various landowners, (the Plaintiffs) about actions taken by the Defendants (including the CoSA) during condemnation and land acquisition along Hildebrand Avenue in San Antonio, Bexar County, Texas, in the process of a roadway improvement project which involved widening of the roadway.

3.  Plaintiffs filed in state district court claiming that the Defendants (including the defendant CoSA) acted improperly in the process of acquiring land for a roadway improvement project.  Plaintiffs claims include "...takings..." under the Texas Constitution as well as violations of local zoning ordinances, the Texas Transportation Code, the Texas Penal Code, nuisance, negligent misrepresentations, intentional conduct and a denial of substantive due process and deprivation of property rights in violation of the 5th and 14th Amendments to the United States Constitution.

4.  This Court has original jurisdiction of this case under the provisions of 28 U.S.C. §§ 1331 and 1343; and this case may be removed to federal court under the provisions of 28 U.S.C. § 1441(b).  This case presents a federal question as the claims arise under the Constitution and laws of the United States.  Plaintiffs allege Defendant, the CoSA denied them substantive due process and deprived them of valuable property rights in  violation of the 5th and 14th Amendments to the United States Constitution in the way it acquired land for a roadway project.

5.  With regard to the pendant state claims, this Court has jurisdiction over Plaintiffs' state law claims for "...takings..." under the Texas Constitution as well as, violations of local zoning ordinances, the Texas Transportation Code, the Texas Penal Code, nuisance, negligent misrepresentations and intentional conduct to the extent such claims exist in that the claims arise out of and are derived from a common nucleus of operative events which are preempted by the Federal Jurisdiction.

6.  This removal is timely as the thirty-day deadline within which Defendant may file this Notice of Removal has not passed.  The only other Defendant that has answered as of today's date is Dugger, Canaday & Grafe, Inc. f/k/a Dugger, Canaday, Grafe & Woelfel, Inc. and they consent to removal.

7.  Petitioner will pay all court costs and debts incurred in the removal proceeding and further costs should the Court determine that this action is not removable or is improperly removed.

8.  Petitioner has served this written notice of removal on Plaintiffs, and defendant Dugger, Canaday & Grafe, Inc. f/k/a Dugger, Canaday, Grafe & Woelfel, Inc., and has filed a separate written notice of removal with the state district clerk (Exhibit "B").

9.     Plaintiff demanded a trial by jury in State Court.

10.    Based on the above, Defendant **CITY OF SAN ANTONIO** prays that the case now pending in the 166th Judicial District Court of Bexar County, Texas, Cause No. 2004-CI-02991, be removed to this Court and for such other and relief as this Court deems just.

> Office of the City Attorney
> Litigation Division
> Riverview Towers, 10th Floor
> 111 Soledad
> San Antonio, Texas, TX 78205
>
>
> _____
> WILLIAM P. DURLAND
> SBN: TX06287070
> Phone No.: (210) 207-8828
> Fax No.: (210) 207-4357
> Attorney for Defendant
> *The City of San Antonio, Texas*

## *CERTIFICATE OF SERVICE*

       **I hereby certify that a true and correct copy of the foregoing instrument has been served on the following on Tuesday, March 23RD 2004:**

| | | |
|---|---|---|
| **Carl J. Kolb**<br>**CARL J. KOLB P.C.**<br>**13300 OLD BLANCO RD #175**<br>**San Antonio, TX 78216-7739** | ☒ | **CMRRR** |
| **PHIL WATKINS P.C.**<br>**One Riverwalk Place, 17th Floor**<br>**San Antonio, Texas 78205** | ☒ | **CMRRR** |
| **Roger Kirstein**<br>**LANGLEY & BANOCK**<br>**INCORPORATED**<br>**Trinity Plaza II, suite 900**<br>**745 East Mulberry**<br>**San Antonio, Texas 78212**<br>**(210) 736-6600; (210) 735-6889 fax** | ☒ | **CMRRR** |

_____
WILLIAM P. DURLAND

Cause 2004-CI-02991

| | | |
|---|---|---|
| CKW, Inc. d/b/a Colborn Marine; James Colborn et us Theresa Colborn; Pedro Gonzalez Perez et ux Amelia Gomez Perez; Sergio Alvidrez Paez; Unique Creative Stucco Designs, Inc.; Josefina E. Trejo and Gloria V. Paniagua d/b/a Cracker Box Palace; Joe J. Ponce and Alice L. Ponce d/b/a Alice's Antiques; and George F. San Miguel<br>　　　　Plaintiff(s), | § § § § § § § § § | IN THE DISTRICT COURT |
| V. | § § | 166th JUDICIAL DISTRICT |
| The City of San Antonio, Texas; Texas Department of Transportation; Dugger, Canaday & Grafe, Inc. f/k/a Dugger, Canaday, Grafe & Woelfel, Inc<br>　　　　Defendants. | § § § § | BEXAR COUNTY, TEXAS |

### ORIGINAL ANSWER OF DEFENDANT
### THE CITY OF SAN ANTONIO, TEXAS

**TO THE HONORABLE JUDGE OF THE COURT:**

Now Comes **THE** CITY OF SAN ANTONIO, TEXAS, Defendant in the above entitled and numbered cause.  Reserving the right to file other and further pleadings, exceptions, and denials, files this document as its *Original Answer* to Plaintiff's Original Petition.  In support thereof, they would respectfully show unto the Court as follows:

### I.

The Defendant **CITY OF SAN ANTONIO, TEXAS** denies the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the credible evidence.

Exhibit A

**II.**

The Defendant **CITY OF SAN ANTONIO, TEXAS** specifically asserts that it is a home-rule municipality pursuant to its City Charter and the laws of the State of Texas.

**III.**

The Defendant **CITY OF SAN ANTONIO, TEXAS** pleads the governmental defenses and immunities to which it is entitled.

**IV.**

The Defendant, the City of San Antonio, Texas states that the Plaintiffs have made references to deprivations of rights or claims of a possibly Federal nature. The deadline for a possible removal to Federal Court has not yet occurred.

This Defendant demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **CITY OF SAN ANTONIO, TEXAS** prays that the Plaintiff take nothing by his lawsuit against it and that Defendant **CITY OF SAN ANTONIO, TEXAS** go hence with costs without a day.

Respectfully submitted,

Office of the City Attorney
Litigation Division
Riverview Towers, 10th Floor
111 Soledad
San Antonio, Texas, TX 78205

_____
WILLIAM P. DURLAND
SBN: TX06287070
Phone No.: (210) 207-8828
Fax No.: (210) 207-4357

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been sent to the following interested person(s), March 17th 2004:

Carl J. Kolb                        ☒   CMRRR
CARL J. KOLB P.C.
13300 OLD BLANCO RD #175            ☐   Hand Delivery
San Antonio, TX 78216-7739
                                    ☐   Fax

WILLIAM P. DURLAND

## VERIFICATION

STATE OF TEXAS      §
                            §
COUNTY OF BEXAR     §

BEFORE ME, the undersigned authority, on this day personally appeared WILLIAM P. DURLAND, known to me to be a credible person, and upon his/her oath, stated as follows:

> That he is a Trial Attorney for the City of San Antonio, Texas, and licensed to practice law in Texas;
>
> That he is an attorney of record for Defendant City of San Antonio, Texas in the foregoing entitled and numbered cause
>
> That he has read the foregoing Defendant's Original Answer; and
>
> That the information contained herein is within his personal knowledge and is true and correct.

_____
WILLIAM P. DURLAND

SUBSCRIBED AND SWORN TO BEFORE ME by WILLIAM P. DURLAND, on March 17TH 2004 to certify which witness may hand and official seal.

_____
Notary Public, State of Texas
My Commission Expires:
_8-28-05_

KAREN SAVAGE
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 08-28-2005

NO. 2004-CI-02991

| | | |
|---|---|---|
| CKW, INC. d/b/a COLBORN MARINE | § | IN THE DISTRICT COURT |
| JAMES COLBORN et ux THERESA | § | |
| COLBORN, PEDRO GONZALEZ PEREZ | § | |
| et ux AMELIA GOMEZ PEREZ, SERGIO | § | |
| ALVIDREZ PAEZ, UNIQUE CREATIVE | § | |
| STUCCO DESIGNS, INC., JOSEFINA | § | |
| E. TREJO and GLORIA V. PANIAGUA, | § | |
| INDIVIDUALLY and d/b/a CRACKER | § | |
| BOX PALACE, JOE J. PONCE and | § | |
| ALICE L. PONCE, INDIVIDUALLY and | § | |
| d/b/a ALICE'S ANTIQUES AND | § | |
| GEORGE F. SAN MIGUEL | § | |
| | § | |
| vs. | § | 166TH JUDICIAL DISTRICT |
| | § | |
| CITY OF SAN ANTONIO, TEXAS | § | |
| DEPARTMENT OF TRANSPORTATION | § | |
| AND DUGGER, CANADAY & | § | |
| GRAFE, INC. f/k/a DUGGER CANADAY, | § | |
| GRAFE & WOELFEL, INC. | § | BEXAR COUNTY, TEXAS |

### DEFENDANT'S DUGGER, CANADAY, GRAFE, INC. F/K/A DUGGER CANADAY, GRAFE & WOELFEL, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME DUGGER, CANADAY, GRAFE, INC. F/K/A DUGGER CANADAY,

GRAFE & WOELFEL, INC., Defendant in the above-entitled and numbered cause, and files this

its Original Answer, and would respectfully show unto the Court as follows:

I.

Defendant DUGGER, CANADAY, GRAFE, INC. F/K/A DUGGER CANADAY,

GRAFE & WOELFEL, INC., denies each and every, all and singular, the allegations of

Plaintiffs' Original Petition and demands strict proof thereof.

II.

Pleading further and in the alternative, Defendant DUGGER, CANADAY, GRAFE,

INC., F/K/A DUGGER CANADAY, GRAFE & WOELFER, INC., pleads the defense of statute

of limitations.

WHEREFORE, PREMISES CONSIDERED, Defendant DUGGER, CANADAY,

GRAFE, INC. F/K/A DUGGER CANADAY, GRAFE & WOELFEL, INC., prays that upon

hearing the Court enter its Order that the Plaintiffs take nothing by their suit, and for such other

and further relief to which Defendant DUGGER, CANADAY, GRAFE, INC. F/K/A DUGGER

CANADAY, GRAFE & WOELFEL, INC. may be justly entitled.

Respectfully submitted,
LANGLEY & BANACK, INCORPORATED
745 East Mulberry, Suite 900
San Antonio, Texas  78212-3166
(210) 736-6600
(210) 735-6889 (Facsimile)

BY: _____
ROGER D. KIRSTEIN
State Bar No. 11533700

ATTORNEYS FOR DEFENDANT
DUGGER, CANADAY, GRAFE, INC. F/K/A
DUGGER CANADAY, GRAFE & WOELFEL,
INC..

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's
Original Answer has been sent by facsimile and/or first-class mail to

Phil Watkins
PHIL WATKINS, P.C.
One Riverwalk Place, Suite 1700
San Antonio, Texas 78205

Carl J. Kolb, P.C.
CARL J. KOLB, P.C.
13300 Old Blanco Road, Suite 175
San Antonio, Texas 78216


on this _17th_ day of _March_ , 2004.


_____
ROGER D. KIRSTEIN

OUT OF COUNTY

"The State of Texas"                     NO.  2004-CI-02991

CKW INC ET AL
Plaintiff                                          IN THE DISTRICT COURT
vs.
                                                   166th JUDICIAL DISTRICT
CITY OF SAN ANTONIO ET AL
Defendant                                          BEXAR COUNTY, TEXAS
( Note: Attached Document May Contain Additional Litigants. )

**NOTICE**

**Citation** Directed to:  TEXAS DEPARTMENT OF TRANSPORTATION
                    BY SERVING THE OFFICE OF GENERAL COUNSEL RICHARD MONROE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the  25th  day of February       ,  2004 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  26th  DAY OF  February
A.D.,  2004 .

PLAINTIFF'S ORIGINAL PETITION

CARL J KOLB
Attorney/PLAINTIFF
address  13300 OLD BLANCO RD 175
         SAN ANTONIO, TX 78216-7739

MARGARET G. MONTEMAYOR
**District Clerk of Bexar County, Texas**
**Bexar County Courthouse**
San Antonio, Texas  78205

By:_____(Deputy
        CONSUELO GOMEZ

---

**OFFICER'S RETURN**

Came to hand  27th  day of  February    , A.D 2004 , at  3:00    o'clock P. .M.
and executed (not executed) the  5th  day of  March     ,A.D 2004  , in Travis County
at  N/A  o'clock ____.M. by delivering to Tx Dept of Transp. through Gen. Counsel Richard Monroe
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at  125 E. 11th St., Austin, TX  by CM/RRR  78701
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: 47.88    Serving citation
$ _____ Mileage _____   Total $ 47.88
        Badge/PPS # 0329475                                        Travis County, Texas
                                            By _____

The State of Texas

NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this ____ day of  March    2004

NOTARY PUBLIC, STATE OF TEXAS

G. FLORES
Notary Public
State of Texas
My Commission Expires
March 24, 2005

RETURN TO COURT
(DK002)

# *James S. Southers*

*8614 Westgrove Drive*
*San Antonio, Texas 78240.2154*

February 28, 2004

*Via Certified Mail*
*Return Receipt Requested*
*7002 3150 0004 4923 5621*

Richard Monroe
Office of General Counsel
Texas Transportation Commission
125 E. 11th Street
Austin, Texas 78701-24837

Re:   *CWK, et al v. City of San Antonio, et al*
      Cause No. 2004-CI-02991
      Bexar County, Texas

Dear Mr. Monroe:

Enclosed herewith is Plaintiffs' Original Petition, which Plaintiffs' attorney of record requested be served upon you as agent for service of the Texas Transportation Commission.

Sincerely,

James S. Southers



PRIVATE PROCESS

"The State of Texas"          NO.   2004-CI-02991

CKW INC ET AL
Plaintiff
vs.

CITY OF SAN ANTONIO ET AL
Defendant
( Note: Attached Document May Contain Additional Litigants. )

**NOTICE**

IN THE DISTRICT COURT

166th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**Citation** Directed to:  DUGGER CANADAY & GRAFE INC FKA DUGGER CANADAY,GRAFE, & WOELFEL,INC

BY SERVING ITS REGISTERED AGENT,  R DON CANADAY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 25th day of February, 2004.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26th DAY OF February A.D., 2004.

PLAINTIFF'S ORIGINAL PETITION

CARL J KOLB
Attorney/PLAINTIFF
address 13300 OLD BLANCO RD 175
SAN ANTONIO, TX 78216-7739

**MARGARET G. MONTEMAYOR**
**District Clerk of Bexar County, Texas**
**Bexar County Courthouse**
San Antonio, Texas 78205
By: _____ Deputy
CONSUELO GOMEZ

---

OFFICER'S RETURN

Came to hand 27th day of February, A.D. 2004, at 3:15 o'clock P. M. and executed (not executed) the 27th day of February, A.D. 2004, in Bexar County at 3:45 o'clock P.M. by delivering to R. Don Canaday a/t of Dugger Canaday & Grafe Inc f/b/a in person a true copy of this citation together with the accompanying copy of plaintiff's petition. Served at 111 Shield & 600, San Antonio, Tx
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____    Serving citation
$ _____    Mileage _____    Total $ 45.00
Badge/PPS # 0329445    _____ Bexar County, Texas
By _____

The State of Texas

NON- PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of 2 March 2004

DIANA C. FLORES
Notary Public
State of Texas
My Commission Expires
March 24, 2005

_____
NOTARY PUBLIC, STATE OF TEXAS

RETURN TO COURT
(DK002)

PRIVATE PROCESS

"The State of Texas"                    NO. _2004-CI-02991_

CKW INC ET AL _____
Plaintiff
VS.

CITY OF SAN ANTONIO ET AL _____
Defendant
( Note: Attached Document May Contain Additional Litigants. )    **NOTICE**

**Citation** Directed to:  CITY OF SAN ANTONIO
BY SERVING CITY CLERK YOLANDA LEDESMA

IN THE DISTRICT COURT

166th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the _25th_ day of _February_, _2004_.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS _26th_ DAY OF _February_ A.D., _2004_.

PLAINTIFF'S ORIGINAL PETITION

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

CARL J KOLB _____
Attorney/PLAINTIFF
address  13300 OLD BLANCO RD 175
SAN ANTONIO, TX 78216-7739

By _____ Deputy
CONSUELO GOMEZ

---

### OFFICER'S RETURN

Came to hand _27_ day of _February_, A.D _2004_, at _8:15_ o'clock _P_.M. and executed (not executed) the _27th_ day of _February_, A.D _2004_, in _Bexar County_ at _3:25_ o'clock _P_.M. by delivering to _City of San Antonio Thru City Clerk Yolanda Ledesma_ in person a true copy of this citation together with the accompanying copy of plaintiff's petition. Served at _100 Military Plaza, City Hall, 1st Floor, San Antonio, Tx_ _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees:        Serving citation
$ _____ Mileage _____ Total $ _75.00_
_____ _Bexar_ County, Texas

DIANA C. FLORES
Badge/PBC # 0319475
State of Texas
My Commission Expires
March 24, 2005

By _____

The State of Texas

NON - PEACE OFFICER VERIFICATION

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _2_ day of _March_ _2004_

NOTARY PUBLIC, STATE OF TEXAS



**RETURN TO COURT**
(DK002)

PRIVATE PROCESS

"The State of Texas"                    NO.   2004-CI-02991

CKW INC ET AL
Plaintiff
vs.

CITY OF SAN ANTONIO ET AL
Defendant
( Note: Attached Document May Contain Additional Litigants. )     **NOTICE**

**Citation** Directed to:  CITY OF SAN ANTONIO
                           BY SERVING CITY CLERK YOLANDA LEDESMA

IN THE DISTRICT COURT

166th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

*James S. Governs*
#0329475
2.27.2004

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 25th day of February, 2004.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26th DAY OF February A.D., 2004.

PLAINTIFF'S ORIGINAL PETITION

CARL J KOLB
Attorney/PLAINTIFF
address  13300 OLD BLANCO RD 175
         SAN ANTONIO, TX 78216-7739

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas. 78205

By: _____ Deputy
    CONSUELO GOMEZ

---

## OFFICER'S RETURN

Came to hand _____ day of _____, A.D. _____, at _____ o'clock _____.M.
and executed (not executed) the _____ day of _____, A.D. _____, in _____
at _____ o'clock _____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____ Serving citation
$ _____ Mileage _____ Total $ _____
           Badge/PPS #_____    _____
                                    _____ County, Texas
                                    By _____

The State of Texas

NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of _____, _____

_____
NOTARY PUBLIC, STATE OF TEXAS



FILE COPY
(DK002)

OUT OF COUNTY

"The State of Texas"          NO. 2004-CI-02991

CKW INC ET AL
Plaintiff
vs.                                                    IN THE DISTRICT COURT

CITY OF SAN ANTONIO ET AL                             166th JUDICIAL DISTRICT
Defendant
( Note: Attached Document May Contain Additional Litigants. )   BEXAR COUNTY, TEXAS
                                          **NOTICE**

**Citation** Directed to: TEXAS DEPARTMENT OF TRANSPORTATION
                    BY SERVING THE OFFICE OF GENERAL COUNSEL RICHARD MONROE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 25th day of February , 2004 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26th DAY OF February A.D., 2004 .

PLAINTIFF'S ORIGINAL PETITION

                                          MARGARET G. MONTEMAYOR
                                          District Clerk of Bexar County, Texas
                                          Bexar County Courthouse
CARL J KOLB                               San Antonio, Texas 78205
Attorney/PLAINTIFF
address  13300 OLD BLANCO RD 175
         SAN ANTONIO, TX 78216-7739      By:_____ Deputy
                                          CONSUELO GOMEZ

---

OFFICER'S RETURN

Came to hand _____ day of _____, A.D. _____, at _____ o'clock _____.M.
and executed (not executed) the _____ day of _____, A.D. _____, in _____
at _____ o'clock _____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____ Serving citation
$ _____ Mileage _____ Total $ _____
          Badge/PPS #_____  _____
                                 _____ County, Texas
                                 By _____

The State of Texas
                              NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of _____, _____

                              _____
                NOTARY PUBLIC, STATE OF TEXAS

                                          FILE COPY
                                          (DK002)

PRIVATE PROCESS

"The State of Texas"                    NO.  2004-CI-02991

CKW INC ET AL
Plaintiff
vs.

CITY OF SAN ANTONIO ET AL
Defendant
( Note: Attached Document May Contain Additional Litigants. )          **NOTICE**

IN THE DISTRICT COURT

166th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**Citation** Directed to:  DUGGER CANADAY & GRAFE INC FKA DUGGER CANADAY,GRAFE, &
                          WOELFEL,INC

BY SERVING ITS REGISTERED AGENT,  R DON CANADAY

"You have been sued. You may  employ  an  attorney.  If you or your  attorney do not
file a written answer  with  the  clerk  who  issued  this  citation by  10:00 a.m. on the
Monday next  following  the  expiration  of  twenty  days  after  you were  served this
citation and petition, a  default  judgment  may  be  taken  against  you." Said petition
was filed on the  25th   day of  February       ,  2004  .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  26th  DAY OF  February
A.D.,  2004 .

PLAINTIFF'S ORIGINAL PETITION

CARL J KOLB
Attorney/PLAINTIFF
address  13300 OLD BLANCO RD 175
         SAN ANTONIO, TX 78216-7739

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas  78205
By:_____Deputy
CONSUELO GOMEZ

---

### OFFICER'S RETURN

Came to hand _____ day of _____, A.D. _____, at _____ o'clock _____.M.
and executed (not executed) the _____ day of _____, A.D. _____, in _____
at _____ o'clock _____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____ Serving citation
$ _____ Mileage _____ Total $ _____
         Badge/PPS #_____    _____
                                                              County, Texas
                                  By _____

The State of Texas

NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of _____, _____

_____
NOTARY PUBLIC, STATE OF TEXAS



**FILE COPY**
(DK002)

2U04C102991

Fax Filing Transmittal To
MARGARET G. MONTEMAYOR,
BEXAR COUNTY DISTRICT CLERK
Fax (210) 335-2553



BEXAR COUNTY COURTHOUSE
100 DOLOROSA
SAN ANTONIO TEXAS 78205
Voice (210) 335-2113

# REQUEST FOR PROCESS

Cause No. _____

Court: _____

Style:
CKW, Inc. d/b/a Colburn Marine etal

VS

City of San Antonio et al

Date: 02/25/04

**Request the following process:**

☒ Citation   ☐ Notice   ☐ Precept   ☐ Temporary Restraining Order

☐ Subpoena   ☐ Subpoena *Duces Tecum* (Describe Duces Tecum on Reverse)   ☐ Other (Describe)

| Information for subpoena: | Date: | Time: | Court: | |
|---|---|---|---|---|

Parties to be served (type or print):

1. City of San Antonio
Address: City Clerk, Yolanda Ledesma, 100 Military Plaza, Second
Floor, San Antonio, TX 78205   Type* Private process

2. Texas Department of Transportation
Address: The office of the General Counsel, Richard Monroe, 125
East 11th Street, Austin, TX 78701   Type* Private process

3. Dugger, Canaday & Grafe, Inc. f/k/a Dugger, Canaday, Grafe & Woelfel, Inc.
Address: Registered agent, R. Don Canaday, 111 Soledad, St 800, San
Antonio, TX 78205   Type* Private process

4. _____
Address: _____
_____ Type* _____

5. _____
Address: _____
_____ Type* _____

*Type:  Sheriff; Constable Precinct _____; Private Process Server; Certified Mail; Registered Mail; Out of County;
Out of State; Secretary of State; Commissioner of Insurance.

Name and address of attorney: Carl J. Kolb, Carl J. Kolb, P.C. 13300 Old
Blanco Rd St 175, San Antonio, TX 78216
Attorney's Bar No. _____

Attorney for:  ☒ Plaintiff   ☐ Defendant   ☐ Other

2004CI02991

| | | |
|---|---|---|
| CKW, INC. d/b/a COLBORN MARINE, | § | IN THE DISTRICT COURT |
| JAMES COLBORN et ux THERESA | § | |
| COLBORN, PEDRO GONZALEZ PEREZ | § | |
| et ux AMELIA GOMEZ PEREZ, SERGIO | § | |
| ALVIDREZ PAEZ, UNIQUE CREATIVE | § | |
| STUCCO DESIGNS, INC., JOSEFINA | § | |
| E. TREJO and GLORIA V. PANIAGUA, | § | |
| INDIVIDUALLY and d/b/a CRACKER | § | |
| BOX PALACE, JOE J. PONCE and | § | |
| ALICE L. PONCE, INDIVIDUALLY and | § | |
| d/b/a ALICE'S ANTIQUES AND | § | |
| GEORGE F. SAN MIGUEL | § | |
| | § | 166th |
| vs. | § | |
| | § | _____ JUDICIAL DISTRICT |
| CITY OF SAN ANTONIO, TEXAS | § | |
| DEPARTMENT OF TRANSPORTATION | § | |
| AND DUGGER, CANADAY & | § | |
| GRAFE, INC f/k/a DUGGER, CANADAY, | § | |
| GRAFE & WOELFEL, INC.. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

NOW COME CKW, INC., d/b/a Colborn Marine, James Colborn et ux Theresa

Colborn, Pedro Gonzalez Perez et ux Amelia Gomez Perez individually and d/b/a Candela

Cabinet Shop, Sergio Alvidrez Paez, Unique Creative Stucco Designs, Inc., Josefina E.

Trejo & Candelario Trejo, individually and d/b/a Lucy's Kitchen, Maria O. Leal, Johnny

Paniagua & Gloria V. Paniagua, individually and d/b/a Cracker Box Palace, Joe J. Ponce

& Alice L. Ponce individually and d/b/a Alice's Antiques, & George F. San Miguel,

individually & d/b/a Roy's Electric Appliance Service, and for cause of action will show:

---

Plaintiffs Original Petition - Page 1

1.     Plaintiffs intend to conduct discovery in this cause pursuant to a Level 3 discovery control plan pursuant to Rule 190.4.  Plaintiffs hereby apply for the entry of a Level 3 discovery control plan.

2.     Plaintiffs are:

    2.1.   CKW, Inc. d/b/a Colborn Marine (CKW), a Texas corporation having its principal place of business in San Antonio, Bexar County, Texas;

    2.2    James Colborn et ux Theresa Colborn, (Colborn) individuals residing in San Antonio, Bexar County, Texas;

    2.3    Pedro Gonzalez Perez et ux Amelia Gomez Perez, (Perez) individuals residing and d/b/a Candela Cabinet Shop in San Antonio, Bexar County, Texas;

    2.4    Sergio Alvidrez Paez, an individual residing in San Antonio, Bexar County, Texas;

    2.5    Unique Creative Stucco Designs, Inc., a Texas Corporation having its principal place of business in San Antonio, Bexar County, Texas;

    2.6    Josefina E. Trejo & Candelario Trejo, individuals residing and d/b/a Lucy's Kitchen in San Antonio, Bexar County, Texas;

    2.7    Maria O. Leal, an individual residing in San Antonio, Bexar County, Texas;

    2.8    Johnny Paniagua & Gloria V. Paniagua, individuals residing and d/b/a Cracker Box Palace in San Antonio, Bexar County, Texas;

    2.9    Joe J. Ponce & Alice L. Ponce individuals residing and d/b/a Alice's Antiques in San Antonio, Bexar County, Texas;

    2.10   George F. San Miguel, an individual residing and d/b/a Roy's Electric Appliance Service in San Antonio, Bexar County, Texas;

3.     Defendants are:

    3.1    Defendant, CITY OF SAN ANTONIO, is a municipality in the State of Texas and may be served with process by serving the City Clerk, Yolanda Ledesma at 100 Military Plaza, Second Floor, San Antonio, Texas 78205 or at P.O. Box 839966, San Antonio, Texas 78283-3966.

3.2    Defendant, TEXAS DEPARTMENT OF TRANSPORTATION, is an agency of the State of Texas and may be served with process by serving its Designated Agent for Service, The Office of the General Counsel, Richard Monroe at 125 East 11th Street, Austin, Texas 78701-2483.

3.3    Defendant, DUGGER, CANADAY & GRAFE, INC., f/k/a DUGGER, CANADAY, GRAFE & WOELFEL, INC. is a Texas Corporation with its principal place of business in San Antonio, Bexar County, Texas, and may be served by delivery of citation to its registered agent, R. Don Canaday, at 111 Soledad, Ste. 800, San Antonio, Texas 78205.

4.    Venue is proper in Bexar County as the claims alleged accrued in whole or in part in Bexar County, one or more defendants maintains its principal place of business in Bexar County, and the acts and omissions complained of occurred in whole or in part in Bexar County.

5.    The District Courts have jurisdiction pursuant to Article V, Section 8 of the Texas Constitution of 1876.

6.    The above-referenced Plaintiffs are persons, natural or corporate, that own land or interests in land located on West Hildebrand Ave., San Antonio, Texas, and properties adjacent thereto which are used in conjunction with the properties with frontage on West Hildebrand, hereafter referred to as "the properties". Each of the Plaintiffs' properties has been taken or damaged for public use without adequate compensation therefor, in violation of Art. 1, Section 17, Texas Constitution. The taking was for public use, and occurred in the course of a project to widen Hildebrand Avenue between Interstate Highway 10 and Breeden Avenue, hereafter, "the project". Each of the Plaintiffs' properties was taken and/or damaged in such a manner as to substantially diminish or eliminate the safe access and the pre-taking parking that was available for commercial and other use at the properties, and such taking and/or damaging was without adequate compensation

Plaintiffs Original Petition - Page 3

therefore. Much, if not all, of the land, and in particular the frontage along West Hildebrand Ave., that constitutes the remainder post-taking, is useless for commercial purposes, the use to which the properties were put pre-taking. Some land appears to have been actually appropriated but uncompensated. All the properties appropriated were taken and all even damaged without adequate compensation. Arbitrary and capricious decisions regarding compensation were made, favoring persons with political standing to the detriment of those without, amounting to denial of substantive due process. In particular, a property at the corner of Blanco Road and West Hildebrand owned by Johnny Deep Gabriel (hereafter the "Gabriel property") with no damage to the remainder, was compensated at a rate which is grossly excessive, if one erroneously assumes the value attributed to the land appropriated from the Plaintiffs was "adequate", which Plaintiffs most strenuously deny. Plaintiffs allege that the Gabriel property was adequately compensated, assuming no damage to the remainder of the Gabriel property, whereas the Plaintiffs' properties were taken for unconscionable amounts based on affirmative misrepresentations. All the properties are damaged in that typical vehicles cannot be parked in the pre-taking "head-in" parking, which is permissible in the area zoned "F Local Retail", without unlawfully obstructing the sidewalk. Such obstruction clearly is in violation of the Texas Transportation Code and Texas Penal Code. The very existence of the head-in parking at the properties owned by Plaintiffs has proven to constitute a nuisance. Parking vehicles in the head-in parking has already resulted in very serious injury and legal action against at least one similarly situated property owner at 919 W. Hildebrand. The nuisance and its foreseeable consequences have created a stigma to the properties due to a now evident hazard to pedestrians, cyclists, motorists, and others lawfully using the

Plaintiffs Original Petition - Page 4

properties and the adjacent sidewalks and street.   While in some cases the taking was ostensibly compensated, the agreements for the compensation were made in reliance on fraudulently made or alternatively, negligently made, but in either event purely false representations made by the City of San Antonio, hereafter the "City"", and its ordained appraiser and agent, Dugger, Canaday, & Grafe, Inc., hereafter the "appraisers". The false representations relate to use of the remainder for head-in parking.   The City and the appraisers falsely represented that the head-in parking would remain useful, and there would be no damage to the remainder of the properties.  In fact, however, not one of the properties has a single head-in parking space with sufficient space to park typical vehicles. There is significant, and in many cases complete, loss of commercial and other head-in parking which has resulted in uncompensated damage to the properties.  The City had actual knowledge of and to this day has fraudulently concealed documents that clearly prove the falsity of the representations that the remainder of the properties could accommodate head-in parking that would be legally useful, which the City and the appraisers made to the Plaintiffs and those in privity with them.  The City actually knew, when the false representations concerning head-in parking were made that, after the taking, the use of the post-taking head-in parking would be useless, illegal and such as to subject Plaintiffs and the patrons of the Plaintiffs' commercial invitees to serious hazards, injury, death, property damage, and citation and/or arrest for traffic offenses under the Texas Transportation Code and to criminal charges under the Texas Penal Code. The City actually knew, when the false representations concerning the post-taking head-in parking were made, that the parking would present an unreasonably hazardous condition that would work a nuisance, a hazard to life and health and property.   The City intentionally

concealed these known facts in order to acquire property without adequate compensation, in violation of Art. 1, Section 17, Texas Constitution, which further constituted an intentional decision at the policy-making level to deny to the Plaintiffs adequate compensation in violating Art. 1, Section 17, Texas Constitution and to deny substantive due process, in violation of the 5th and 14th Amendments to the United States Constitution. It was not until February 9, 2004, the day the City was sued by a child who was severely injured because the sidewalk was obstructed and caused him to be hit by a vehicle, that the City finally admitted to the public on the evening news, that parking on the sidewalk, which the City itself induced by false representations, was illegal and that its and TXDOT's design failed to take into account the consequent intrusion into the sidewalks, which the City now admits must be cited as illegal. These "agreements" must be rescinded. The appraisers knew or should have known, in the exercise of ordinary care, that their representations that there was no damage to the remainders and that their pre-taking head-in parking was not materially affected was patently false and that the Plaintiffs or those in privity with them would rely on the false representations to their detriment. The acts and omissions of the City and the appraisers is the proximate cause of damage to the Plaintiffs, including the total loss of all head-in parking and safe access to the properties from Hildebrand; diminution in value of real property and leaseholds; cost of cure including the razing of the existing structures and construction of like structures more distant from the right of way to restore legal head-in parking; stigma that has resulted because the present condition and use of the properties for head-in parking constitutes a nuisance and has resulted in serious injuries that must be disclosed in future sales or leases; damages that will result from disruption of business while effecting a cure including loss of profits and relocation costs;

in some cases additional damage resulting from the fact that there is not enough space to reconstruct an equivalent structure; and, in one or more cases a total loss of the commercial use of the improvements upon the properties and the consequent cost of purchase of suitable land and improvements to replace those rendered useless to the Plaintiffs; loss of goodwill; and other damages, general and special, in excess of the jurisdictional limits of the District Courts.

7.     **FIRST CAUSE OF ACTION**

The City took and/or damaged the Plaintiffs' properties without adequate compensation in violation of Article 1, Section 17, Texas Constitution, which is the proximate cause of damages as alleged in excess of the minimum jurisdictional limits of the District Courts.  The acts and omissions of the City and the appraisers is the proximate cause of damage to the Plaintiffs, including the total loss of all head-in parking and safe access to the properties from Hildebrand; diminution in value of real property and leaseholds; cost of cure including the razing of the existing structures and construction of like structures more distant from the right of way to restore legal head-in parking; stigma that has resulted because the present condition and use of the properties for head-in parking constitutes a nuisance and has resulted in serious injuries that must be disclosed in future sales or leases; damages that will result from disruption of business while effecting a cure including loss of profits and relocation costs; in some cases additional damage resulting from the fact that there is not enough space to reconstruct an equivalent structure; and, in one or more cases a total loss of the commercial use of the improvements upon the properties and the consequent cost of purchase of suitable land and improvements to

---

replace those rendered useless to the Plaintiffs; loss of goodwill; and other damages, general and special, in excess of the jurisdictional limits of the District Courts.

8.    **SECOND CAUSE OF ACTION**

The City and TXDOT intentionally created a nuisance which substantially interfered with the Plaintiffs' and the public's lawful, safe access to and use of the properties and adjacent rights of way.  The nuisance is not the result of negligence, but conduct that is beyond negligence; specifically, Plaintiffs allege that the conduct was the result of intentional conduct, fraud, malice, and/or gross negligence.  The nuisance inheres in the manner in which the City and TXDOT designed and conducted the project, and misrepresented its net effect, which resulted in the illegal, unsafe parking upon the sidewalk in violation of Section 545.032, Texas Transportation Code and Section 43.02, Texas Penal Code, and the ultra-hazardous access to and from the properties, all of which is a nuisance and a nuisance *per se*, which the courts have the duty to enjoin, and which is the proximate cause of the damages to the Plaintiffs in excess of the jurisdictional limits of the District Courts. All conditions precedent have been fulfilled, performed, or excused. Governmental immunity is no defense to a claim of nuisance intentionally created by the City and TXDOT. The Plaintiffs plead the fraudulent concealment of the facts known to the City that establish the knowledge of the City that the head-in parking would be rendered useless for any legal parking and the hazards created thereby.  The acts and omissions of the City and the appraisers is the proximate cause of damage to the Plaintiffs, including the total loss of all head-in parking and safe access to the properties from Hildebrand; diminution in value of real property and leaseholds; cost of cure including the razing of the existing structures and

construction of like structures more distant from the right of way to restore legal head-in parking; stigma that has resulted because the present condition and use of the properties for head-in parking constitutes a nuisance and has resulted in serious injuries that must be disclosed in future sales or leases; damages that will result from disruption of business while effecting a cure including loss of profits and relocation costs; in some cases additional damage resulting from the fact that there is not enough space to reconstruct an equivalent structure; and, in one or more cases a total loss of the commercial use of the improvements upon the properties and the consequent cost of purchase of suitable land and improvements to replace those rendered useless to the Plaintiffs; loss of goodwill; and other damages, general and special, in excess of the jurisdictional limits of the District Courts.

9.     **THIRD CAUSE OF ACTION**

The City has established by its pre- and post-taking conduct that it has a policy, practice or custom in derogation of and intended to deprive the Plaintiffs of valuable property rights guaranteed under the 5th and 14th amendments to the Constitution of the United States, in violation of 42 USC Section 1983. Plaintiffs have been damaged thereby, as alleged, and seek all relief available including actual and exemplary damages and attorneys' fees. The acts and omissions of the City and the appraisers is the proximate cause of damage to the Plaintiffs, including the total loss of all head-in parking and safe access to the properties from Hildebrand; diminution in value of real property and leaseholds; cost of cure including the razing of the existing structures and construction of like structures more distant from the right of way to restore legal head-in parking; stigma that has resulted because the present condition and use of the properties for head-in

parking constitutes a nuisance and has resulted in serious injuries that must be disclosed in future sales or leases; damages that will result from disruption of business while effecting a cure including loss of profits and relocation costs; in some cases additional damage resulting from the fact that there is not enough space to reconstruct an equivalent structure; and, in one or more cases a total loss of the commercial use of the improvements upon the properties and the consequent cost of purchase of suitable land and improvements to replace those rendered useless to the Plaintiffs; loss of goodwill; and other damages, general and special, in excess of the jurisdictional limits of the District Courts.

10.   **FOURTH CAUSE OF ACTION:**

The appraisers made negligent misrepresentations that were used to convince the Plaintiffs and those in privity with them that there was no damage to the remainder and that the appraisers intended the City and the Plaintiffs to rely upon the jurisdictional limits of the District Courts. The negligent misrepresentations are the proximate cause of the damages to the Plaintiffs in excess of the jurisdictional limits of the District Courts. The acts and omissions of the City and the appraisers is the proximate cause of damage to the Plaintiffs, including the total loss of all head-in parking and safe access to the properties from Hildebrand; diminution in value of real property and leaseholds; cost of cure including the razing of the existing structures and construction of like structures more distant from the right of way to restore legal head-in parking; stigma that has resulted because the present condition and use of the properties for head-in parking constitutes a nuisance and has resulted in serious injuries that must be disclosed in future sales or leases; damages that will result from disruption of business while effecting a cure including loss of profits and

Plaintiffs Original Petition - Page 10

relocation costs; in some cases additional damage resulting from the fact that there is not enough space to reconstruct an equivalent structure; and, in one or more cases a total loss of the commercial use of the improvements upon the properties and the consequent cost of purchase of suitable land and improvements to replace those rendered useless to the Plaintiffs; loss of goodwill; and other damages, general and special, in excess of the jurisdictional limits of the District Courts.

11.   **FIFTH CAUSE OF ACTION: EXEMPLARY DAMAGES**

The City is liable for exemplary damages because of its intentional, willful, aggressive pursuit of wrongful, unconscionable, knowing, fraudulent and unconstitutional, conduct, which is the proximate cause of the injuries and damage to Plaintiffs. The City intentionally created a nuisance by misrepresenting to all of the landowners from whom the City acquired right of way that the properties would still retain the pre-existing head-in parking and there would be no damage to the remainder of their respective properties. The intent was that the City would pay only for the part taken and not for the more significant damage to the remainder, which was the destruction of part or all of the preexisting commercial parking that could be legally or safely used. The City intentionally avoided telling the landowners about a known hazard that would be created by parking on the remainder after taking, which violates the traffic and penal laws of the State of Texas when it was clear that there would not be adequate space to accommodate legal head-in parking. The City's conduct was committed to avoid notifying landowners that their properties were going to be rendered, in some cases, worthless for commercial purposes. The City decided, in order to avoid paying for the property rights taken, to force the creation of illegal, dangerous conditions, in

derogation of the constitutional rights of landowners and with intentional indifference to the

safety of its constituents.  This intentional decision resulted in Barrera's injuries.  This

intentional decision was made by policy-makers within the City government, and the policy

was to intentionally disregard legal standards by which it is bound and to disregard all

notions of reasonableness in maintaining a safe place for its constituents to live, conduct

and patronize legitimate business, walk, ride, park, and drive.  The City's conduct and the

facts show evil intent to literally steal property and knowingly endanger the citizens and

cause a nuisance that depreciates all of the properties that have dangerous, head-in

parking.  Alternatively, or in addition to the foregoing, the conduct of the City meets the test

for exemplary damages in Ch. 41, Tex. Civ. Pr. & Rem. Code, in that it constitutes

intentional conduct or malice.

12.    **SIXTH CAUSE OF ACTION: EXEMPLARY DAMAGES**

The appraisers are liable for exemplary damages pursuant to Ch. 41, Tex. Civ. Pr.

& Rem. Code.  The conduct of the appraisers constitutes "malice", as defined therein.

Plaintiffs plead for exemplary damages not to exceed that authorized by Ch. 41, Tex. Civ.

Pr. & Rem. Code.

---

Plaintiffs Original Petition - Page 12

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein and that Plaintiffs have trial before a jury and that upon final trial hereof, that Plaintiffs have judgment against the Defendants, jointly and severally, for all of the damages alleged herein, for pre- and post-judgment interest at the maximum legal rates, for all reasonable and necessary attorneys fees incurred to the date of trial and thereafter for collection of any judgment obtained, for any attorneys' fees incurred in the prosecution or defense of any appeal or petition for review, for all costs of court, and for any other relief, general or special, legal or equitable, to which Plaintiffs may show themselves justly entitled to receive.

> Respectfully submitted,
> PHIL WATKINS, P.C.
> One Riverwalk Place
> Ste. 1700
> San Antonio, TX  78205
> (210) 225-6666 telephone
> (210) 225-2300 fax
>
> CARL J. KOLB, P.C.
> 13300 Old Blanco Rd.
> Ste. 175
> San Antonio, TX 78216
> (210) 476-8484 telephone
> (210) 476-8487 fax
>
> _____
> Carl J. Kolb
> SBN 11660480

Cause 2004-CI-02991

| | |
|---|---|
| CKW, Inc. d/b/a Colborn Marine; James Colborn et us Theresa Colborn; Pedro Gonzalez Perez et ux Amelia Gomez Perez; Sergio Alvidrez Paez; Unique Creative Stucco Designs, Inc.; Josefina E. Trejo and Gloria V. Paniagua d/b/a Cracker Box Palace; Joe J. Ponce and Alice L. Ponce d/b/a Alice's Antiques; and George F. San Miguel   *Plaintiff(s)*, | § § § § § § § § § | IN THE DISTRICT COURT |
| V. | § § | 166TH JUDICIAL DISTRICT |
| The City of San Antonio, Texas; Texas Department of Transportation; Dugger, Canaday & Grafe, Inc. f/k/a Dugger, Canaday, Grafe & Woelfel, Inc   *Defendants.* | § § § § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S NOTICE OF REMOVAL
## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that a Notice of Removal of the above-styled and numbered cause from the 166th Judicial District Court, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, was duly filed this date in the United States District Court for the Western District of Texas. A copy of such Notice of Removal is attached hereto as Exhibit A. You are advised that the Defendant, upon the filing of the Notice of Removal and a copy of the petition with the Clerk of this Court will have affected this removal in accordance with 28 U.S.C. 1446. You are respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court. This matter is pending in such court as Civil Action No.

EXHIBIT
"B"

Respectfully submitted,

Office of the City Attorney

*Page 1 of 2*

Litigation Division
Riverview Towers, 10th Floor
111 Soledad
San Antonio, Texas, TX 78205

WILLIAM P. DURLAND
SBN:  TX06287070
Phone No.:  (210) 207-8828
Fax No.:  (210) 207-4357
Attorney for Defendant
*The City of San Antonio, Texas*

## CERTIFICATE OF SERVICE

**I hereby certify that a true and correct copy of the foregoing instrument has been served on the following on Tuesday, March 23RD 2004:**

**Carl J. Kolb**                                    ☒   **CMRRR**
**CARL J. KOLB P.C.**
**13300 OLD BLANCO RD #175**
**San Antonio, TX 78216-7739**

**PHIL WATKINS P.C.**                               ☒   **CMRRR**
**One Riverwalk Place, 17th Floor**
**San Antonio, Texas 78205**

**Roger Kirstein**                                  ☒   **CMRRR**
**LANGLEY & BANOCK**
**INCORPORATED**
**Trinity Plaza II, suite 900**
**745 East Mulberry**
**San Antonio, Texas 78212**
**(210) 736-6600; (210) 735-6889 fax**

WILLIAM P. DURLAND