FILED

DEC 0 1 2005

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CKW, INC. dba COLBORN MARINE;
JAMES COLBORN et ux THERESA
COLBORN; PEDRO GONZALEZ PEREZ
et ux AMELIA GOMEZ PEREZ; SERGIO
ALVIDREZ PAEZ; UNIQUE CREATIVE
STUCCO DESIGNS, INC.; JOSEFINA E.
TREJO and GLORIA V. PANIAGUA dba
CRACKER BOX PALACE; JOE J. PONCE
and ALICE PONCE dba ALICE'S
ANTIQUES; and GEORGE F. SAN
MIGUEL,

          Plaintiffs,

v.

THE CITY OF SAN ANTONIO, TEXAS;
THE TEXAS DEPARTMENT OF
TRANSPORTATION; DUGGER, CANADY
& GRAFE, INC. fka DUGGER, CANADAY,
GRAFE & WOELFEL, INC.,

          Defendants.

CIVIL NO. SA-04-CA-245-OG

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   Honorable Orlando L. Garcia
      United States District Judge

Pursuant to the order of referral[1] in the above-styled and numbered cause of action to the

undersigned United States Magistrate Judge and consistent with the authority vested in United

States Magistrate Judges under the provisions of 28 U.S.C. §636(b) and rule 1 of the Local Rules

for the Assignment of Duties to United States Magistrate Judges in the Western District of

Texas, the following report is submitted for your review and consideration.

_____

   [1] Docket no. 30 (Nov. 17, 2005).

## I. JURISDICTION

The subject matter jurisdiction of the Court has been challenged.  Plaintiffs' amended

motion to remand, filed October 19, 2005, alleges that the action raises state claims and should

not have been removed to this Court, requesting the remand of the entire cause or, alternatively,

the remand of "all matters in which State law predominates for trial and to abstain from hearing

further matters until such time as all State law matters have been litigated."

## II. PROCEDURAL HISTORY

Plaintiffs initiated this proceeding on or about February 26, 2004, in the 166th Judicial

District Court, Bexar County, Texas, in Cause Number 2004-CI-2991, against three defendants,

The City of San Antonio ("City"), Texas Department of Transportation, and Dugger, Canady &

Grafe, Inc. fka Dugger, Canady, Grafe & Woelfel, Inc.[2]  Plaintiffs, landowners along Hildebrand

Avenue in San Antonio, Texas, raised various causes of action relating to the condemnation and

land acquisition along Hildebrand in connection with a roadway improvement project that

included widening the roadway.  More specifically, the original petition asserts causes of action

for: wrongful taking without adequate compensation in violation of Article 1, Section 17 of the

Texas Constitution; intentionally creating a nuisance per se which substantially interfered with

the right of safe access to and use of the properties and adjacent right of way in violation of the

Texas Transportation Code and Texas Penal Code; deprivation of valuable property rights

guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution in

violation of 42 U.S.C. § 1983 (third cause of action); negligent misrepresentation by the

appraisers "that were used to convince the Plaintiffs and those in privity with them that there was

---

[2] Docket no. 1, attachment, Original Petition.

2

no damage to the remainder and that the appraisers intended the City and the Plaintiffs to rely

upon the jurisdictional limits of the District Courts;" exemplary damages due to intentional,

willful and other wrongful conduct which caused injuries and damages; and exemplary damages

due to the conduct of the appraisers.[3]  As relief, plaintiffs seek damages, exemplary damages,

interest, fees and costs.

On March 23, 2004, defendant City removed the case to this Court.[4]  Defendant Dugger,

Canady & Grafe, Inc. fka Dugger, Canady, Grafe & Woelfel, Inc. filed a separate written notice

of removal.[5] Defendant Department of Transportation had not yet appeared in the state case.  On

June 10, 2004, the District Judge granted the Department of Transportation's motion to dismiss

and, one year later, on June 10, 2005, plaintiffs filed a notice of voluntary dismissal of all claims

against Dugger, Canady & Grafe, Inc. fka Dugger, Canady, Grafe & Woelfel, Inc.  Therefore, the

City remains as the only defendant in the case.[6]

On May 17, 2005, the District Judge entered its first scheduling Order which, among

other things established a discovery deadline of October 14, 2005, a dispositive motion deadline

of November 1, 2005, and scheduled jury selection and trial for February 13, 2006.[7]

On October 7, 2005, plaintiffs filed the instant motion to remand for lack of subject

---

[3] Id.

[4] Docket no. 1 at 1-3.

[5] Id., attachment, exhibit B.

[6] Docket nos. 6 and 9.

[7] Docket no. 8.  On October 18, 2005, the District Judge granted an agreed motion to extend time to complete depositions to November 30, 2005.  Docket no. 20.

matter jurisdiction and memorandum in support.[8]   On October 19, 2005, plaintiffs filed a first

amended motion to remand which corrects an issue regarding the manner of service and adds an

affidavit of counsel regarding an attorney's time and fee in preparing the motion ro remand in

support of a requested award of $3,000 in attorney's fees.[9]   The first amended motion to remand

does not incorporate by reference the original motion to remand, but, in an abundance of caution,

this report additionally has considered plaintiffs' original motion and brief in support of

remand,[10] as well as each of the City's responses to the motion and amended motion to remand.[11]

## III. ISSUES

1.      Whether plaintiffs' pendent state law claims should be remanded to state court.

2.      Whether plaintiffs' § 1983 federal takings claim should be dismissed without
        prejudice.

3.      Whether plaintiffs are entitled to attorney's fees, court costs and expenses.

## IV. REMOVAL/REMAND STANDARDS

In matters of removal and remand, federal courts must be mindful of the overriding

principle that they have no inherent subject matter jurisdiction and are courts of limited

---

[8]  Docket nos. 16 and 17.

[9]  Docket no. 23.

[10]  Docket no. 17.

[11]  Docket nos. 21 and 24.  On November 1, 2005, the City filed its motion for summary
judgment and statement of undisputed facts.  Docket nos. 26 and 27.  Plaintiffs have filed a motion
to delay the date on which they must respond to this motion until the Court has ruled on the motion
to remand.  Docket no. 28.

jurisdiction by design and origin.[12] As a result, the initial presumption is that a federal court

lacks subject matter to resolve the matters before it.[13] Federal courts must strictly construe the

removal statute, and any doubt about the propriety of removal is construed against removal.[14] A

party may remove a civil action from state court to federal court if the district court would have

original jurisdiction.[15] It is well established that the party removing a case to federal court bears

the burden of presenting facts to establish the court's subject matter jurisdiction.[16] Whether a case

may be removed is a question of federal law to be decided by federal courts.[17]  To determine if

removal is proper, the federal court considers the claims in the state court petition as they existed

at the time of removal.[18]  When the face of a complaint fails to reflect an express federal claim,

removal may be proper if it appears the complaint has been artfully pleaded to avoid reference to

any federal law.[19]

---

[12] See People's Nat'l Bank v. Office of Comptroller of the Currency of the U.S., 362 F.3d 333, 336 (5th Cir. 2004); Oliver v. Trunkline Gas Co., 789 F.2d 341, 343 (5th Cir. 1986).

[13] Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994); Bosky v. Kroger Tex., L.P., 288 F.3d 208, 211 (5th Cir. 2002).

[14] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09, 61 S.Ct. 868, 872 (1941); see Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), cert. denied, 520 U.S. 1162 (1997).

[15] 28 U.S.C. § 1441(a).

[16] Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

[17] See Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc. Inc., 4 F.3d 614, 618 (8th Cir. 1993), cert. denied, 511 U.S. 1126 (1994).

[18] Id.

[19] See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 22, 103 S.Ct. 2841, 2853 (1983) ("it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint").

## V. ARGUMENTS AND ANALYSIS

A.   **Notice of Removal, Motions to Remand and the City's Responses**

The City has removed this case to federal court based, in part, on plaintiffs' assertion of a

cause of action based on 42 U.S.C. § 1983.   The City's notice of removal asserts removal based

on federal question subject matter jurisdiction, that is, removal based on plaintiffs' third cause of

action that alleges the City's "pre- and post- taking conduct" demonstrates that the City "has a

policy, practice or custom in derogation of and intended to deprive the Plaintiffs of valuable

property rights guaranteed under the 5th and 14th Amendments to the Constitution of the United

States, in violation of 42 U.S.C. § 1983."[20]   Plaintiffs have not challenged the timeliness of the

removal or argued there is any defect in removal procedure.   Rather, plaintiffs have moved to

remand this case to state court because the sole federal claim[21] is "not ripe for adjudication in the

United States District Courts, depriving this court of federal question jurisdiction."[22]   More

specifically, plaintiffs contend their § 1983 claim is "nothing more than a takings claim"[23] which

is "not yet ripe for the United States District Court's review because they [plaintiffs] have not

concluded the pursuit of the chosen path – the required state-law remedies."[24]   "Until Plaintiffs

have utilized Texas' inverse condemnation procedure, any federal takings claim is premature and

---

[20] Docket no. 1, attachment, original petition at 9.

[21] Specifically, plaintiffs assert: "There is involved in this action no joinder of a separate and independent claim or cause of action against any party that would be removable if sued upon alone, with one or more nonremovable causes of action."  Docket no. 16 at 2; docket no. 23 at 2.

[22] Docket no. 3 at 2-3.

[23] Docket no. 17 at 5.

[24] Id. at 4.

the court lacks jurisdiction over such claims."[25]  Because the Court lacks subject matter

jurisdiction over the only federal law cause of action, plaintiffs argue the case was "not

removable," removal was "improper," and the case must be remanded to state court, citing the

United States Court of Appeals for the Fifth Circuit's 2003 decision in <u>Sandy Creek Investors,</u>

<u>Ltd. v. City of Jonestown.</u>[26]

In response, among other arguments, the City argues that even if it were proper for the

Court to consider whether plaintiffs must exhaust state remedies before pursuing their § 1983

cause of action, "Plaintiffs have no state remedies to pursue or exhaust as Defendant City of San

Antonio has already compensated those Plaintiffs owning land that was acquired for purposes of

the street expansion project through negotiations, thereby eliminating the need to use state

eminent domain or inverse condemnation law procedures."[27]  The City has attached to its

responses to the motion and amended motion to remand documents in support of its contentions

that: (a) only two of the plaintiffs named in the live complaint, Josefina E. Trejo and George F.

San Miguel, "lost land they owned," but the City "has already compensated those Plaintiffs

owning land that was acquired for purposes of the street expansion project" and therefore those

plaintiffs "have no state remedies to pursue or exhaust"[28] and (b) "the vast majority of the

Plaintiffs," that is, all other named plaintiffs, have no taking claim and no remedies to exhaust

---

[25]  <u>Id</u>.

[26]  <u>Id</u>. at 6 (citing 325 F.3d 623, 625-26 (5th Cir. 2003)).

[27]  Docket no. 21 at 3; <u>see also</u> docket no. 24 at 2-3.

[28]  Docket no. 21 at 3 and its exhibit 3; docket no. 24 at 3.  The City lists other individuals
or entities whose land was "taken," but only two are names as plaintiffs in the live complaint.

because the City used City-owned land, not their land, in the street expansion project.[29]

**B.    Analysis**

As discussed, as a general rule, the removal jurisdiction of this court is determined by examining the record as it stands at the time the notice of removal is filed <u>without</u> consideration of subsequent pleadings.[30] When, as in this case, removal is premised on federal question jurisdiction, the presence or absence of a federal question is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the <u>face</u> of the plaintiff's complaint.[31] Generally, in determining the propriety of removal, federal courts consider only what "<u>necessarily appears in plaintiff's statement of its claim</u>, unaided by anything alleged in anticipation or avoidance of defenses that defendant may interpose."[32] Plaintiff is considered the master of its complaint and may avoid federal jurisdiction by relying exclusively on state law.[33]

Here, the "face" of plaintiffs' complaint indicates that plaintiffs have asserted a federal § 1983 claim as their third cause of action. Therefore, under a traditional removal analysis, it

---

[29] <u>Id.</u>

[30] <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 2433 (1987); <u>Franchise Tax Bd.</u>, 463 U.S. at 10, 103 S.Ct. at 2846.

[31] <u>Rivet v. Regions Bank</u>, 522 U.S. 470, 475, 118 S.Ct. 921, 925 (1998); <u>Caterpillar</u>, 482 U.S. at 398-99, 107 S.Ct. at 2433; <u>Franchise Tax Bd.</u>, 463 U.S. at 10, 103 S.Ct. at 2846 ("The well-pleaded complaint rule confines the search for federal question jurisdiction to <u>the face of the complaint</u>") (emphasis added).

[32] <u>Franchise Tax Bd.</u>, 463 U.S. at 10, 103 S.Ct. at 2846 (emphasis added); <u>see also</u> <u>Chuska Energy Co. v. Mobil Exploration & Producing N. Am., Inc.</u>, 854 F.2d 727, 730 (5th Cir. 1988).

[33] <u>Caterpillar</u>, 482 U.S. at 392, 107 S.Ct. at 2430; <u>Beers v. North Am. Van Lines, Inc.</u>, 836 F.2d 910, 913 (5th Cir. 1988).

would appear that the case is removable and the request to remand should be rejected. But, the

United States Supreme Court and the Fifth Circuit have acknowledged what appears to be an

exception to the general removal analysis when the basis for removal is a federal takings claim.

Plaintiffs' § 1983 claim is alleged as a federal takings claim, asserting, in sum, a

deprivation of property in violation of due process.[34] The Takings Clause of the Fifth

Amendment, applicable to the states through the Fourteenth Amendment,[35] provides that "private

property [shall not] be taken for public use, without just compensation."[36] It is well established

that

> [a] takings claim is not ripe until (1) the relevant governmental unit has reached a final
> decision as to what will be done with the property and (2) the plaintiff has sought
> compensation through whatever adequate procedures the state provides.[37]

With regard to the second prong of the ripeness test, "the plaintiff is required to seek

compensation through the procedures the state has provided unless those procedures are

unavailable or inadequate."[38] A state procedure is inadequate only if it "almost certainly will not

---

[34] As noted above, plaintiffs have judicially admitted that their § 1983 claim is "nothing
more than a takings claim." Docket no. 17 at 5.

[35] Samaad v. City of Dallas, 940 F.2d 925, 933 (5th Cir. 1991) (citing Chicago B.&Q. RR.
v. Chicago, 166 U.S. 226, 17 S.Ct. 581 (1897)).

[36] U.S. CONST. amend. V.

[37] Sandy Creek Investors, 325 F.3d at 626 (citing Williamson County Regional Planning
Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194-195, 105 S.Ct. 3108, 3120-21
(1985); Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1041 (5th Cir. 1998); Samaad v. City
of Dallas, 940 F.2d 925, 933-34 (5th Cir. 1991)).

[38] Vulcan Materials Co. v. City of Techuacana, 238 F.3d 382, 385 (5th Cir. 2001).

justly compensate the claimant."[39]  If landowners have not sought compensation through state

procedures, they must "demonstrate that it would be almost certain that the state would deny the

Plaintiffs compensation were they to undertake the obviously futile act of seeking it."[40]  The Fifth

Circuit has held that exhaustion of state procedures includes both administrative and "state court

remedies."[41]

Pursuant to Article I, § 17 of the Texas Constitution, Texas courts have recognized a

cause of action for inverse condemnation for takings claims.[42]  Under Texas law, "[a]n inverse

condemnation may occur when the government physically appropriates or invades the property,

or when it unreasonably interferes with the landowner's right to use and enjoy the property."[43]

Because Texas provides a remedy for takings claims, to satisfy the second prong of the ripeness

test, plaintiffs must show that pursuing the Texas inverse condemnation procedure would be

inadequate because it is almost certain the State would deny them compensation.

With respect to Ms. Josefina E. Trejo and Mr. George F. San Miguel, the two plaintiffs

---

[39]  Samaad, 940 F.2d at 935.

[40]  See Hollywood Park Humane Soc'y v. Town of Hollywood Park, No. Civ. SA-03-CA-1312-XR, 2004 WL 502599, at * 3 (W.D. Tex. Mar. 10, 2004) (citing Samaad, 940 F.2d at 935).

[41]  Sandy Creek Investors, 325 F.3d at 626.  See also Fox v. Wardy, No. Civ. EP-04-CA-439-PRM, 2005 WL 1421514, at * 3 (W.D. Tex. June 16, 2005) ("Until Plaintiff has utilized Texas' inverse condemnation procedure, his challenge to the taking is premature and the Court lacks jurisdiction over his claim.") (citations omitted); Taylor v. City of El Paso, No. Civ. EP-03-CA-114-DB, 2003 WL 21146829, at * 2 (W.D.Tex. May 5, 2003) (The court determined that the takings claim was not ripe because the plaintiff had not exhausted its administrative or state court remedies, and therefore the district court lacked jurisdiction to consider the case) (citation omitted).

[42]  Hollywood Park, 2204 WL 502599, at * 5.

[43]  Id. (citing Taub v. City of Deer Park, 882 S.W.2d 824, 826 (Tex. 1994), cert. denied, 513 U.S. 1112, 115 S.Ct. 904 (1995); Westgate, Ltd. v. State, 843 S.W.2d 448, 452 (Tex. 1992)).

whose land admittedly was taken during the road expansion project,[44] the City argues their

request for remand should be denied because they have already been compensated for their land.

But, the City does not argue or demonstrate that plaintiffs cannot challenge the adequacy of that

compensation by pursuing a claim in state court or that a state court remedy is unavailable to

plaintiffs.  Nor does the City argue or demonstrate that the state remedy is inadequate.  Therefore,

under Sandy Creek Investors, plaintiffs Trejo and San Miguel have not exhausted their state court

remedies and their federal takings claim is not ripe and should be dismissed without prejudice.[45]

As the remaining claims asserted by these two plaintiffs are pendent state law claims, such

claims should be remanded to state court.

With respect to the other named plaintiffs, the City argues none has a viable state court

remedy because their land was not used in the road improvement project and Texas law does not

recognize an adverse possession claim against the City.  A state remedy is inadequate only if it

"almost certainly will not justly compensate the claimant."[46]  Even if, as argued by the City, it is

---

[44]  Plaintiffs original petition alleges that Ms. Trejo and Candelario Trejo assert claims in their individual capacity and also as doing business as Lucy's Kitchen and Mr. San Miguel asserts claims in his individual capacity and also as doing business as Roy's Electric Appliance Service. Docket no. 1, attachment, original petition at 2.  The City asserts – and no plaintiff contests – that only Ms. Trejo and Mr. San Miguel individually received compensation.

[45]  See Hollywood Park, 2004 WL 502599, at * 4 and * 5 (dismissal without prejudice of unripe § 1983 federal takings claim).  As an alternative to remanding all claims, including the § 1983 claim, to state court, plaintiffs alternatively request that their state claims be remanded but their § 1983 claim be held in abeyance in this court until state proceedings have concluded.  As a dismissal without prejudice preserves plaintiffs right to re-file an identical § 1983 claim once it is ripe, it appears to be preferable to holding a severed claim in abeyance in this Court for what could be a significant period of time and when a state court disposition could remove the need or resolve to pursue the federal claim.

[46]  Samaad, 940 F.3d at 935.

11

well settled that a private landowner cannot pursue an adverse possession claim against a governmental unit, these plaintiffs have alleged a wrongful taking based not only on arguable wrongful physical appropriation of their land, but also such actions as the loss of "safe access to the properties from Hildebrand" and "diminution in value of real property and leaseholds" following the road project. The City presents no argument or authority demonstrating that such allegations would be subsumed within a preempted claim of adverse possession. Accordingly, under the Sandy Creek Investors formulation, the remaining plaintiffs have not exhausted their state court remedies seeking just compensation and wrongful taking by means of an improper diminution in the value of their property following the road project until a state court has the opportunity to address the state claims asserted in this suit. Because plaintiffs have represented that their § 1983 due process challenge is only a takings claim, there are no other due process claims for the district court to consider.[47] Accordingly, the remaining plaintiffs' § 1983 takings claim should be dismissed without prejudice. As the remaining claims asserted by plaintiffs are pendent state law claims, such claims should be remanded to state court.

C.    **Attorney's Fees**

Plaintiffs ask that the City be sanctioned for wrongfully removing the case and the Court award plaintiffs costs, expenses, and attorney's fees. Pursuant to 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[48] Plaintiffs do not cite authority showing sanctions have been awarded by other courts in similar circumstances. Based on the analysis in this report,

---

[47] Id.

[48] 28 U.S.C. § 1447(c).

the Court cannot conclude that it was objectively unreasonable for the City to believe removal was legally proper based on the face of plaintiffs' complaint.  Accordingly, plaintiffs' request for attorney's fees and costs should be <u>denied</u>.

## D.    <u>Conclusion</u>

In sum, plaintiffs' motion to remand should be <u>granted in part and denied in part</u>.  Each plaintiff's § 1983 federal takings claim should be <u>dismissed without prejudice</u>.  As only pendent state law claims remain, such claims should be <u>remanded</u> to state court.  Plaintiffs' companion motion to hold the City's motion for summary judgment in abeyance pending a ruling on the motion to remand is <u>denied as moot</u>.  If the District Judge accepts this report, the state claims in the case will be remanded to state court and a state judge will be able to establish appropriate briefing schedules for dispositive motions.  Finally, plaintiffs' request for attorney's fees, expenses and costs should be <u>denied</u>.

## VI. <u>RECOMMENDATION</u>

Based on the foregoing analysis, it is recommended that plaintiffs' motion to remand and for recovery of attorneys fees and first amended motion to remand and for recovery of attorneys fees[49] be **GRANTED in part and DENIED in part**:

plaintiffs' § 1983 federal takings claim should be <u>dismissed without prejudice</u>;

plaintiffs' remaining claims, each state law claims, should be <u>remanded</u> to the 166th Judicial District Court for Bexar County, Texas; and

plaintiffs' request for an award of fees and costs should be <u>denied</u>.

Further, plaintiffs' companion motion to abate the City's motion for summary judgment

---

[49] Docket nos. 16 and 23.

in abeyance pending a ruling on the motion to remand[50] is **DENIED as moot.**

## VII. INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT/APPEAL

The United States District Clerk shall serve a copy of this Memorandum and

Recommendation on each and every party either (1) by certified mail, return receipt requested, or

(2) by facsimile if authorization to do so is on file with the Clerk.  According to Title 28 U.S.C. §

636(b)(1) and FED. R. CIV. P. 72(b), any party who desires to object to this report must serve and

file written objections to the Report and Recommendation within 10 days after being served with

a copy unless this time period is modified by the District Court.  A party filing objections must

specifically identify those findings, conclusions or recommendations to which objections are

being made and the basis for such objections; the District Court need not consider frivolous,

conclusive or general objections.  **Such party shall file the objections with the Clerk of the**

**Court, and serve the objections on all other parties and the Magistrate Judge.**  A party's

failure to file written objections to the proposed findings, conclusions and recommendations

contained in this report shall bar the party from a de novo determination by the District Court.[51]

Additionally, any failure to file written objections to the proposed findings, conclusions and

recommendations contained in this Report and Recommendation within 10 days after being

served with a copy shall bar the aggrieved party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted

---

[50] Docket no. 28.

[51] See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472 (1985).

by the District Court.[52]

      **SIGNED and ENTERED** this ___/___ day of December, 2005.

                                        **Pamela A. Mathy**
                                        **United States Magistrate Judge**

---

[52] Acuna v. Brown & Root Inc., 200 F.3d 335, 340 (5th Cir. 2000); Douglass v. United Serv.
Auto. Ass'n., 79 F.3d 1415, 1428 (5th Cir.1996).